■ CATHERINE MacDONALD, Respondent, v. BENJAMIN F. ALULIS, Appellant.— In an action to recover damages for personal injuries, the appeal is from so much of an order as denied a motion to dismiss the complaint for failure to prosecute. Order insofar as appealed from affirmed, without costs. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ NELSON B. MEADOWS, Plaintiff, and JERICHO TERMINAL REALTY CO., INC., Respondent, v. MARIO D. GIARDINO, Appellant.— Formerly the plaintiff and the appellant were each the owners of 50% of the shares of stock of the respondent, a corporation. Prior actions between the parties were settled by stipulation made in open court. Thereafter the parties performed under the terms of the stipulation. Accordingly plaintiff paid a sum of money to appellant and acquired the shares of stock theretofore owned by appellant. As part of the performance of the terms of the stipulation the parties entered into a second stipulated agreement, whereunder any and all rights were reserved to plaintiff and the corporation in respect of certain specific payments which had been made with the corporation's funds during a period when appellant had been in charge of the corporation and its books. The present action is at law to recover the aforesaid payments made with the corporation's funds. The complaint charges (1) fraud in inducing the first stipulation, and (2) waste of corporate funds. After trial by the court without a jury, it was held that it is not necessary to determine the fraud issue, and judgment was entered in favor of the corporation for a sum of money representing the amounts found to have been improper expenditures of corporate funds. The appeal is from so much of the judgment as awarded the corporation $4,147, with interest and costs. Appellant contends that, under the reservation of rights in the second stipulation, plaintiff and respondent were limited to attacking the first stipulation as having been fraudulently induced, that the trial was conducted on the understanding that fraud was the issue, and that the decision of the Trial Justice amounts to depriving appellant of his day in court inasmuch as the case was decided on a different theory than had been litigated. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Wenzel, Beldock, Ughetta and Hallinan, JJ.; Nolan, P. J., not voting.